IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Island corporation,<br><br>           Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS.<br>_____/<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>MONOLITHIC POWER SYSTEMS, INC., a California corporation, <u>et al.</u>,<br><br>           Defendants.<br>_____/<br>AND RELATED CROSS-CLAIMS AND COUNTERCLAIMS.<br>_____/ | No. C 04-2000 CW<br><br>No. C 06-2929 CW<br><br><br><br><br><br><br>ORDER GRANTING MOTION TO CONSOLIDATE |

Monolithic Power Systems, Inc. (MPS), Asustek Computer, Inc., Advanced Semiconductor Manufacturing Corporation Limited (ASMC) and Michael Hsing (collectively, Movants) request that the Court consolidate for all purposes the above-captioned related cases: <u>Monolithic Power Systems, Inc. v. O2 Micro International Limited</u>, 04-2000 CW and <u>O2 Micro International Limited v. Monolithic Power Systems, Inc.</u>, 06-2929 CW.  O2 Micro filed a statement of non-opposition.  Delta Electronics, Inc. and Delta Productions Corporation filed a response.  The matter was submitted on the papers.  Having considered all the papers submitted by the parties, the Court grants the motion to consolidate.

## BACKGROUND

In May, 2004, MPS filed the 04-2000 suit in this district against O2 Micro for a declaratory judgment finding O2 Micro's U.S. Patent No. 6,396,722 (the '722 patent) invalid and not infringed. O2 Micro counterclaimed and added ASMC as a counterdefendant.

Five months after MPS filed suit in this Court, O2 Micro filed suit in the Eastern District of Texas, accusing MPS of infringing O2 Micro's U.S. Patent No. 6,804,129 (the '129 patent).  O2 Micro amended its complaint, asserting that ASMC infringed the '129 patent and that Asustek and Compal Electronics, Inc. infringed the '129 patent, the '722 patent and O2 Micro's U.S. Patent No. 6,259,614 (the '615 patent).  The three patents relate to the same technology: the '129 patent is a continuation of the '722 patent, which is a continuation of the '615 patent.  Various cross-claims and counterclaims were filed, and new parties were added.  The

2

Texas action was transferred to this Court, and assigned Case No. 06-2929. Shortly after the Texas case was transferred, the Court found the 06-2929 case to be related to the 04-2000 case.

## DISCUSSION

Federal Rule of Civil Procedure 42(a) permits consolidation of "actions involving a common question of law or fact." To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. See Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989). As the Ninth Circuit instructs, "Consolidation is within the broad discretion of the district court." In re Adams Apple, Inc., 829 F. 2d 1484, 1487 (9th Cir. 1987).

There is no question that these two cases involve common questions of law and fact; no party disputes it. In O2 Micro's statement of non-opposition, it states that it does not oppose consolidation of the two cases if consolidation is done in a manner which is not prejudicial to O2 Micro. In the Delta parties' response, they note that, while they take no position with respect to the consolidation of the above cases, they object to the prosecution of these cases against them, and, accordingly, have filed motions to dismiss.[1] Because of the similarities between the 04-2000 and 06-2929 actions, judicial efficiency will be served by

---

[1] The Delta parties also note that, if the Court orders consolidation, a conflict issue may arise relating to MPS' counsel Wilson, Sonsini, Goodrich & Rosati. No other party mentions this possible conflict, which can be addressed, if necessary, after the cases are consolidated.

3

consolidating these actions. Although the Court may bifurcate the trial should it appear after discovery and motion practice that a single trial of all of the issues in this case will be overly complex, the Court grants Movants' motion to consolidate these two actions.

CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Consolidate (Docket No. 253 in 04-2000; Docket No. 14 in 06-2929). All further filings in these cases shall be made under Case No. C 04-2000 CW.

IT IS SO ORDERED.

Dated: 8/9/06



_____
CLAUDIA WILKEN
United States District Judge

4